# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DARNELL C. BUTCHER,** | **CASE NO. 5: 19 CV 2220** |
| Petitioner, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| **MARK K. WILLIAMS, WARDEN,** | **OPINION AND ORDER** |
| Respondent. | |

**CHRISTOPHER A. BOYKO, J.:**

## Introduction

*Pro se* Petitioner Darnell C. Butcher, a federal prisoner, has filed a Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2241. (Doc. No. 1.) In 2012, a jury convicted Petitioner of being a felon in possession of a firearm and of possessing crack cocaine with intent to distribute. This Court sentenced Petitioner to 240 months' imprisonment. He was found to be a Career Offender under U.S.S.G. § 4B1.1 due to his extensive criminal history and two prior drug trafficking offenses in Portage County. Petitioner's convictions and sentence were affirmed on direct appeal. *United States v. Butcher*, No. 13-3156 (6th Cir. Oct. 13, 2013).

In 2014, Petitioner filed a Motion to Vacate, Correct, or Set Aside his Sentence under 28 U.S.C. § 2255, asserting multiple grounds, including actual innocence. This Court denied Petitioner's § 2555 Motion, and the Sixth Circuit subsequently denied him a certificate of appealability. *United States v. Butcher*, No. 15-3151 (6th Cir. Jan. 1, 2016).

Petitioner now seeks to challenge his sentence under § 2241, claiming his Career Offender

status is invalid based on the Sixth Circuit's decision in *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006).

## Standard of Review and Discussion

A federal District Court must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

This Petition must be summarily dismissed. Generally, a *habeas* petition under § 2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under highly exceptional circumstances, a prisoner may challenge his conviction or sentence under § 2241, instead of under 28 U.S.C. § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001).

The Sixth Circuit repeatedly has held that the narrow scope of relief under the savings clause does not apply to sentencing claims. *See Jones v. Castillo*, 489 F. App'x 864, 866, 2012 WL 2947933, at *1 (6th Cir. 2012) ( "[c]laims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241"); *see also Reminsky v. U.S.*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause of § 2255(e) does not apply to sentencing claims.").

In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), however, the Sixth Circuit held that a prisoner may raise a sentence-enhancement claim in a § 2241 petition in very limited

-2-

circumstances. The *Hill* Court defined those circumstances as

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600.

The circumstances articulated in *Hill* do not apply here. Petitioner was not sentenced under the mandatory guidelines regime pre-*United States v. Booker*. Further, his Petition does not cite or rely on any specific Supreme Court decision, unavailable at the time he sought relief under § 2255, announcing a new, retroactively-applicable rule of statutory construction demonstrating that his sentence is invalid. Petitioner did not challenge the application of his two predicate drug trafficking offenses as applied to his Career Offender status on direct appeal, or in his § 2255 Motion.

Accordingly, Petitioner is not entitled to any relief from his sentence by way of § 2241.

**Conclusion**

Accordingly, the Petition in this case is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

*s/ Christopher A. Boyko*
CHRISTOPHER A. BOYKO
SENIOR UNITED STATES DISTRICT JUDGE

DATE: 1/17/20